## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

JULIA TABB,       :

   Plaintiff,     :

vs.          :   CA 20-0594-MU

KILOLO KIJAKAZI,     :
Acting Commissioner of Social Security,
            :
   Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Julia Tabb brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 21 (order of reference)). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief,[1] Plaintiff's reply brief, and the Commissioner's sur-reply brief, the Court concludes that the Commissioner's decision denying benefits should be affirmed.[2]

---

[1]  The parties waived oral argument. (*See* Docs. 20 & 22).

[2]  Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 19 ("An appeal from a judgment
(Continued)

## I. Procedural Background

Plaintiff filed an application for supplemental security income benefits on or about February 6, 2019, alleging disability beginning April 27, 2018. (*See* Doc. 11, PageID. 209-13).[3] On or about April 26, 2019, Tabb's application for SSI benefits was denied (*see id.,* PageID. 118 & 133-38) and following Plaintiff's May 30, 2019 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 145-46), an administrative hearing was conducted before an ALJ on April 6, 2020 (*id.,* PageID. 88-116). On April 23, 2020, the ALJ issued a decision finding that the claimant was not disabled and therefore, not entitled to social security benefits. (*Id.,* PageID. 74-84). More specifically, the ALJ determined that Tabb retains the residual functional capacity to perform a reduced range of light work (*see id.,* PageID. 79-82) and those light jobs identified by the vocational expert ("VE") during the administrative hearing (*see id.,* PageID. 84; *compare id. with* PageID. 110-11). On or about May 27, 2020, Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*id.,* PageID. 203-08); the Appeals Council denied Tabb's request for review on October 19, 2020 (*id.,* PageID. 55-57). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

---

entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

    [3] As set out in the ALJ's decision, "supplemental security income is not payable prior to the month following the month in which the application [is] filed" (Doc. 11, PageID. 75); therefore, the ALJ treated the application date of February 6, 2019 as Plaintiff's disability onset date (*compare id. with id.,* PageID. 76 & 84).

Plaintiff alleges disability due to carpal tunnel syndrome, obesity, and lumbar degenerative disc disease.  (Doc. 12, PageID. 488). The Administrative Law Judge (ALJ) made the following relevant findings:

> **2.      The claimant has the following severe impairments: carpal tunnel syndrome, obesity, and lumbar degenerative disc disease (20 CFR 416.920(c)).**
>
> .      .      .
>
> **3.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  416.920(d), 416.925 and 416.926).**
>
> .      .      .
>
> **4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally push and pull with the bilateral upper extremities; the claimant cannot climb ladders, ropes or scaffolds and can occasionally stoop, kneel, crouch, and crawl; the claimant can perform frequent handling with the bilateral upper extremities; the claimant must avoid concentrated exposure to temperature extremes, unprotected heights, and moving machinery.**
>
> .      .      .
>
> **5.      The claimant is unable to perform any past relevant work (20 CFR 416.965).**
>
> .      .      .
>
> **6.      The claimant was born on August 27, 1972 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).**
>
> **7.      The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).**

**8.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).**

.      .      .

**10.      The claimant has not been under a disability, as defined in the Social Security Act, since February 6, 2019, the date the application was filed (20 CFR 416.920(g)).**

(Doc. 11, PageID. 76, 79, 82, 83 & 84).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[4] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether

---

[4]      "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history.  *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot do her past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[5] Courts are precluded, however, from

---

[5]        This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

5

"deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Tabb asserts one reason the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence), namely, the ALJ violated 20 C.F.R. § 416.920(a)(3) in failing to consider all the evidence in the case record.

Section 416.920(a)(3) specifically provides that the Social Security Administration "will consider all evidence in [a claimant's] case record when [] mak[ing] a determination or decision whether [a claimant is] disabled." *Id.* And because the ALJ specifically referred to and considered all evidence in Tabb's case record generated on or after her SSI application date of February 6, 2019 (*see* Doc. 11, PageID. 75-84), the question that Plaintiff raises is "whether the ALJ properly considered the evidence in [the] record that predated the application date." (Doc. 15, PageID. 519 (Plaintiff's reply brief)). For her part, Plaintiff stakes the position that this pre-application-date evidence—inclusive of evidence from 2018 of severe bilateral carpal tunnel syndrome, left endoscopic carpal tunnel release and injection of the right carpal tunnel (with right release to be performed after recovery from the left carpal tunnel release), treatment in 2018 for back pain and MRI evidence, dated January 17, 2019, showing advanced facet degenerative change bilaterally, grade I anterolisthesis, mild diffuse disc bulge, mild bilateral foraminal

narrowing at L4-5, as well as severe discogenic degenerative change with complete

loss of disc height, mild anterolisthesis, advanced facet degenerative change, and

moderate right foraminal stenosis at L5-S1–was given no consideration by the ALJ

because she never acknowledged those records in her opinion (*compare id.,* PageID.

520 *with* Doc. 13, PageID. 496; *see also id.,* PageID. 492-93), despite the fact that §

416.912(b)(1) of the Commissioner's regulations provides that before a determination is

made that a claimant is not disabled, the Social Security Administration "will develop [a

claimant's] complete medical history for at least the 12 months preceding the month in

which [a claimant] file[s] [her] application unless there is a reason to believe that

development of an earlier period is necessary . . . . We will make every reasonable

effort to help you get medical evidence from your own medical sources and entities that

maintain your medical sources' evidence when you give us permission to request the

reports." *Id*.

      Plaintiff's reliance on § 416.912(b)(1) is misplaced. Section 416.912(b)(1) of the

Commissioner's regulations simply underscores the well-recognized legal principle that

an ALJ must fulfill her "'duty to develop a full and fair record[,]'" *Williams v.*

*Commissioner, Social Sec. Admin.,* 703 Fed.Appx. 780, 783 (11th Cir. July 24, 2017),

quoting *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam), by

"get[ting] the claimant's medical history for the 12 months before the claimant filed her

application." *Id.,* citing *Ellison, supra* and 20 C.F.R. § 416.912(b)(1). Here, Plaintiff

makes no argument, nor can she, that there are evidentiary gaps in the record because

the ALJ did not get all her medical records from all providers for the 12-month period

before she filed her application. (*See* Doc. 15, PageID. 519 ("The record is fully

developed for the twelve months prior to the alleged onset date.")). Indeed, Plaintiff's citation to the evidence in the record for the 12-month period before her application date of February 6, 2019 (*see* Doc. 13, PageID. 492-93) merely serves as her acknowledgment that the ALJ fulfilled her duty to develop the medical record in this case in accordance with § 416.912(b)(1). Thus, the ALJ committed no error in this regard. In other words, the undersigned rejects any attempt by Plaintiff to suggest that § 416.912(b)(1) requires an ALJ to specifically reference and consider in the administrative decision each and every piece of evidence in the record for the 12-month period before her application date, since that section only requires the ALJ to retrieve or get the claimant's medical history for the 12 months before she filed her application (which the ALJ did in this case).

Not only can Plaintiff's § 416.912(b)(1) argument gain no purchase, but her continued insistence also that the ALJ's decision violated § 416.920(a)(3) by not considering the evidence in the record that predated her application date fairs no better given that an ALJ "is not required to address every piece of evidence in the record." *McMahon v. Commissioner, Social Sec. Admin.,* 583 Fed.Appx. 886, 892 (11th Cir. Sept. 24, 2014); *see also Dyer, supra,* 395 F.3d at 1211 (recognizing that an ALJ need not discuss every piece of evidence so long as the ALJ considered the claimant's medical condition as a whole); *see McClurkin v. Social Sec. Admin.,* 625 Fed.Appx. 960, 963 (11th Cir. Sept. 4, 2015) (recognizing an ALJ's "heightened duty to discuss medical opinions" in contrast to "general objective evidence").  Moreover, even though the ALJ did not explicitly refer to the MRI evidence of January 17, 2019 (*see* Doc. 11, PageID. 383-84) or any records generated by Dr. Barry Callahan in 2018 (*see id.,*

8

PageID. 328-62), there can be little question but that she implicitly considered this evidence. This is the case because the ALJ specifically reviewed the opinion evidence (*see* Doc. 11, PageID. 81-82), as required, *see, e.g., McMahon, supra,* 583 Fed.Appx. at 892 ("[W]hile the ALJ must address medical opinions explicitly, the ALJ is not required to address every piece of evidence in the record."), and the opinion of the non-examining, reviewing physician, Dr. Victoria L. Hogan, was reached following a consideration of the subject evidence (*see id.,* PageID. 128-29 (addressing and considering evidence of record predating Tabb's application date)), and, as well, the subject evidence was mentioned in the consultative examination report of Dr. Elizabeth N. Kuhn (*see id.,* PageID. 291). Indeed, the diagnoses of Drs. Hogan and Kuhn are based in large measure on the MRI and the medical records generated by Dr. Callahan (*compare id.,* PageID. 128-29 *with id.,* PageID. 292) and, in turn, serve as the basis for the ALJ's finding regarding Plaintiff's severe impairments (*compare id. with id.,* PageID. 76 (finding Plaintiff's severe impairments to be carpal tunnel syndrome, obesity, and lumbar degenerative disc disease)). Accordingly, because the ALJ implicitly considered the MRI and Dr. Callahan evidence, through her review of the opinions of Drs. Hogan and Kuhn (and her finding regarding Tabb's severe impairments), the undersigned can find no reversible error in the ALJ's failure to specifically set out that evidence (predating the application date of February 6, 2019) in her decision.

In addition, the undersigned specifically finds that the ALJ linked her RFC assessment—that is, a reduced  range of light work with identified limitations—to specific evidence in the record bearing upon Tabb's ability to perform the physical, mental, sensory, and other requirements of work (*compare* Doc. 11, PageID. 79-82 *with*

*generally id.,* PageID. 126-31, 291-95, 366-67, 400-10, 412-58). *See, e.g., Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013). The ALJ explained in some detail how the medical evidence of record supported the components of her RFC determination (*see* Doc. 11, PageID. 80-81; *compare id. with* PageID. 79). And the evidence of record that supports the ALJ's RFC finding consists not simply of Dr. Hogan's RFC opinion (*see id.,* PageID. 126-31)[6] but, as well, the examination findings of Dr. Kuhn (*see id.,* PageID. 292 & 294-95), along with her specific observation that Plaintiff was in "[n]o apparent distress[]" (*id.,* PageID. 292), and the records from the Cahaba Medical Care Foundation which consistently reflected Plaintiff to be ambulating normally (with a normal gait and station) and in no acute distress despite complaints of back pain and, at best, findings of tenderness (to musculature of the lower back) and pain with range of motion testing (usually without limitation of ROM) (*see id.,* PageID. 414, 416, 420, 423, 426, 428, 431, 442, 445, 448-49, 452& 456).[7] This evidence certainly constitutes substantial evidence in the record supportive of the ALJ's RFC determination.[8] *See,*

---

[6]      Again, in reaching her RFC determination, Dr. Hogan considered not only the evidence of record predating the date of her application but, as well (and importantly), the examination report of the consultative examiner, Dr. Kuhn. (*See* Doc. 11, PageID. 128-29).

[7]      Plaintiff never reported any muscle weakness associated with her back pain. (*See, e.g., id.,* PageID. 414, 419, 423, 425, 431, 451 & 456).

[8]      Therefore, this Court cannot find that it was reversible error for the ALJ to fail to consider that any lack of treatment by the Plaintiff could be related to her financial difficulties. In other words, the substantial evidence supportive of the ALJ's RFC finding is actual evidence in the record, not a lack of evidence.

*e.g., Land v. Commissioner of Social Sec.,* 494 Fed.Appx. 47, 50 (11th Cir. Oct. 26, 2012) ("Because more than a scintilla of evidence supported the ALJ's RFC assessment here, we will not second-guess the Commissioner's determination."); *cf. Hunter v. Social Sec. Admin., Commissioner,* 808 F.3d 818, 822 (11th Cir. 2015) ("[Hunter] challenges the ALJ's conclusion that she was not disabled based on its finding that she was able to perform light work. Substantial evidence supports the decision here. The ALJ considered doctors' reports, medical records, testimony of vocational experts, and other evidence. A majority of the doctors opined that Hunter could perform basic work-related activities, such as sitting, standing, or walking. The medical records and MRI scans revealed only minor problems, which did not preclude light work. The vocational expert testified that a person with Hunter's characteristics and impairments was nonetheless qualified for certain occupations in the national economy. Reasonable minds could accept that evidence, taken together, as sufficient to support the ALJ's conclusion that Hunter was able to perform light work."),[9] *cert. denied,* 136 S.Ct. 2487, 195 L.Ed.2d 823 (2016).

In light of the foregoing and because Plaintiff raises no other issues, the Commissioner's fifth-step determination denying benefits is due to be affirmed.

---

[9]    Here, of course, the vocational expert identified light jobs existing in substantial numbers in the national economy that a person with Tabb's characteristics and impairments was capable of performing. (*See* Doc. 11, PageID. 110-111).

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying

Plaintiff supplemental security income benefits be affirmed.

**DONE** and **ORDERED** this the 16th day of September, 2021.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**